Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
Zachary C. Frampton (SBN 303225)
Email: zframpton@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
TOYOTA MOTOR CREDIT CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – RONALD REAGAN FEDERAL BUILDING

| | |
|---|---|
| MENASCHE M. NASS and JESSICA MICHELLE COSTA,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR CREDIT CORPORATION, TOYOTA FINANCIAL SERVICES INTERNATIONAL CORPORATION, TRANSUNION CORP., EQUIFAX CREDIT INFORMATION SERVICES, INC. and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No. 8:18-CV-00440-DOC-DFM<br><br>**DEFENDANT TOYOTA MOTOR CREDIT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>March 20, 2018<br><br>[Hon. David O. Carter] |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant Toyota Motor Credit Corporation ("TMCC") (erroneously sued as Toyota Financial Services International Corporation), hereby answers the Complaint ("Complaint") of Plaintiffs Menasche M. Nass ("Nass") and Jessica Michelle Costa ("Costa") (collectively "Plaintiffs").

## I. INTRODUCTION

1. The allegations of Paragraph 1 of the Complaint are conclusions of law to which no response is required. To the extent a further response is necessary, TMCC denies violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and/or the California Consumer Credit Reporting Act, California Civil Code § 1785.25(a) ("CCRA). TMCC denies that it violated any state or federal law and denies that Plaintiffs are entitled to damages or any other type of relief.

## II. PARTIES

2. The allegations of Paragraph 2 of the Complaint are conclusions of law to which no response is required. To the extent that a further response is necessary, TMCC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, on that basis, denies the allegations.

3. The allegations of Paragraph 3 of the Complaint are conclusions of law to which no response is required. To the extent that a further response is necessary, TMCC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, on that basis, denies the allegations.

4. The allegations of Paragraph 4 of the Complaint are conclusions of law to which no response is required.

5. The allegations of Paragraph 5 of the Complaint are conclusions of law to which no response is required. By further response, Plaintiffs have erroneously sued TMCC as Toyota Financial Services International Corporation..

6. TMCC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, denies the allegations.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

7. TMCC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, denies the allegations.

8. TMCC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies the allegations.

9. The allegations of Paragraph 9 of the Complaint are conclusions of law to which no response is required.

### III.   JURISDICTION AND VENUE

10. The allegations of Paragraph 10 of the Complaint are conclusions of law to which no response is required.

11. As to the allegations of Paragraph 11 of the Complaint, TMCC admits only that Plaintiffs purport to bring causes of action for alleged violations of the FCRA and CCRA.  TMCC denies that it violated the FCRA and/or the CCRA, or caused Plaintiffs to suffer damages in any way.  The remaining allegations are conclusions of law to which no response is required.

### IV.   FACTUAL ALLEGATIONS

12. Responding to the allegations of Paragraph 12 of the Complaint, TMCC denies that it reported derogatory or inaccurate information as to the Plaintiffs' credit report(s).

13. TMCC denies that it reported derogatory or inaccurate information as to the Plaintiffs' credit report(s).

14. TMCC denies that it reported derogatory or inaccurate information as to the Plaintiffs' credit report(s).

15. TMCC admits that after an accident occurred in or around December 2015, Plaintiffs vehicle was deemed a total loss.  TMCC further admits that it was notified of the accident.

16. TMCC denies that the payment was received on the date stated or that it fully satisfied the amount owed on the vehicle.

17. To the extent that a response is required, TMCC denies the allegations of Paragraph 17.

18. TMCC denies the allegations of Paragraph 18.

19. TMCC is without knowledge or information sufficient to form a belief as to the accuracy of the allegations of Paragraph 19.

20. To the extent that the allegations of Paragraph 20 are directed to actions of other Defendants in this suit, TMCC is without knowledge or information sufficient to form a belief as to the accuracy of the those allegations.  TMCC admits that it received correspondence from Plaintiffs regarding the disputed tradeline but denies that Plaintiffs disputes have merit.

21. To the extent that the allegations of Paragraph 21 are directed to actions of other Defendants in this suit, TMCC is without knowledge or information sufficient to form a belief as to the accuracy of the those allegations.  TMCC denies the remaining allegations of Paragraph 21.

22. To the extent that the allegations of Paragraph 22 are directed to actions of other Defendants in this suit, TMCC is without knowledge or information sufficient to form a belief as to the accuracy of the those allegations.  TMCC denies the remaining allegations of Paragraph 22.

23. To the extent that the allegations of Paragraph 23 are directed to actions of other Defendants in this suit, TMCC is without knowledge or information sufficient to form a belief as to the accuracy of the those allegations.  TMCC denies the remaining allegations of Paragraph 23.

24. TMCC denies the allegations of Paragraph 24 of the Complaint.

25. TMCC denies the allegations of Paragraph 25 of the Complaint.

26. TMCC lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 26 of the Complaint and, on that basis, denies them.

27. TMCC denies the allegations of Paragraph 27 of the Complaint.

28. To the extent that the allegations of Paragraph 28 are directed to actions

– 3 –
DEFENDANT TOYOTA MOTOR CREDIT
CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

of other Defendants in this suit, TMCC is without knowledge or information sufficient to form a belief as to the accuracy of the those allegations. TMCC denies the remaining allegations of Paragraph 28.

29. To the extent that the allegations of Paragraph 29 are directed to actions of other Defendants in this suit, TMCC is without knowledge or information sufficient to form a belief as to the accuracy of the those allegations. TMCC denies the remaining allegations of Paragraph 29.

30. To the extent that the allegations of Paragraph 30 are directed to actions of other Defendants in this suit, TMCC is without knowledge or information sufficient to form a belief as to the accuracy of the those allegations. TMCC denies the remaining allegations of Paragraph 30.

31. To the extent that the allegations of Paragraph 31 are directed to actions of other Defendants in this suit, TMCC is without knowledge or information sufficient to form a belief as to the accuracy of the those allegations. TMCC denies the remaining allegations of Paragraph 31.

## COUNT I

**(Alleged Violations of the Fair Credit Reporting Act)**

32. Answering Paragraph 32 of the Complaint, TMCC incorporates its responses to the preceding paragraphs as though set forth in full.

33. The allegations of Paragraph 33 of the Complaint, including the Prayer for Relief following Paragraph 33, contain conclusions of law to which no response is deemed necessary. To the extent that the allegations of Paragraph 33 are directed to actions of other Defendants in this suit, TMCC is without knowledge or information sufficient to form a belief as to the accuracy of the those allegations. TMCC denies the remaining allegations of Paragraph 33.

/ / /

/ / /

/ / /

– 4 –
DEFENDANT TOYOTA MOTOR CREDIT
CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

## COUNT II

**(Alleged Violations of the California Consumer Credit Reporting Agencies Act)**

34. Answering Paragraph 34 of the Complaint, TMCC incorporates its responses to the preceding paragraphs as though set forth in full.

35. The allegations of Paragraph 35 of the Complaint contain conclusions of law to which no response is deemed necessary.

36. The allegations of Paragraph 36 of the Complaint contain conclusions of law to which no response is deemed necessary.

37. The allegations of Paragraph 37 of the Complaint contain conclusions of law to which no response is deemed necessary.

38. To the extent that the allegations of Paragraph 38 are directed to actions of other Defendants in this suit, TMCC is without knowledge or information sufficient to form a belief as to the accuracy of the those allegations. TMCC denies the remaining allegations of Paragraph 38.

39. The allegations of Paragraph 39 of the Complaint, including the Prayer for Relief following Paragraph 39, contain conclusions of law to which no response is deemed necessary. To the extent that the allegations of Paragraph 39 are directed to actions of other Defendants in this suit, TMCC is without knowledge or information sufficient to form a belief as to the accuracy of the those allegations. TMCC denies the remaining allegations of Paragraph 39.

## JURY DEMAND

40. The allegations of Paragraph 40 of the Complaint contain conclusions of law to which no response is deemed necessary.

/ / /

/ / /

/ / /

/ / /

/ / /

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each claim therein, fails to set forth facts sufficient to state a claim against TMCC.

### SECOND AFFIRMATIVE DEFENSE

(No Standing)

Plaintiffs suffered no actual "concrete" injury and therefore lack Article III standing.

### THIRD AFFIRMATIVE DEFENSE

(Equitable Defenses)

Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel, and laches.

### FOURTH AFFIRMATIVE DEFENSE

(Consent/Acquiescence/Ratification)

Plaintiffs acquiesced in, consented to and/or ratified the acts and omissions alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

(Consistent with Law and Applicable Regulations)

The Complaint and each claim set forth therein are barred because TMCC's conduct was consistent with all applicable laws and regulations.

### SIXTH AFFIRMATIVE DEFENSE

(Good Faith)

Plaintiffs' claims are barred because TMCC's conduct was at all times undertaken in good faith.

/ / /

/ / /

/ / /

DEFENDANT TOYOTA MOTOR CREDIT
CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

**SEVENTH AFFIRMATIVE DEFENSE**

(Bona Fide Error)

Plaintiffs' claims may be barred because any alleged acts or omissions of TMCC giving rise to Plaintiffs' claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by TMCC to avoid any such acts or omissions. TMCC at all times acted in a reasonable manner in connection with the transactions at issue in this action

**EIGHTH AFFIRMATIVE DEFENSE**

(No Causation)

Plaintiffs are barred, in whole or in part, from recovering from TMCC on any of her claims because there is no causal relationship between any injury alleged to have been suffered and any act of TMCC.

**NINTH AFFIRMATIVE DEFENSE**

(Fault of Plaintiffs)

If Plaintiffs suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiffs, and not by TMCC.

**TENTH AFFIRMATIVE DEFENSE**

(Fault of Others)

If Plaintiffs suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by TMCC.

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Damages)

Plaintiffs did not suffer any damages.

## TWELFTH AFFIRMATIVE DEFENSE

(Speculative Damages)

Plaintiffs' alleged damages are speculative and not capable of being determined with reasonable certainty.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Mitigation)

Plaintiffs' claims are barred, in whole or in part, by the failure to exercise reasonable care to mitigate their alleged damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Offset)

Plaintiffs' damages, if any, are barred to the extent TMCC is entitled to set-offs for amounts owed by Plaintiffs to TMCC.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Arbitration)

Some or all of Plaintiffs' claims may be subject to arbitration in accordance with the terms and conditions of the account, and TMCC reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Reservation of Additional Defenses)

To the extent not set forth herein, TMCC reserves the right to assert additional defenses that become available or apparent during discovery and to amend its Answer accordingly.

///
///
///
///
///

**WHEREFORE**, TMCC prays:

1. That Plaintiffs take nothing by way of the Complaint;
2. That judgment be entered in favor of TMCC and against Plaintiffs; and
3. That TMCC be granted such other relief as the Court deems just and proper.

DATED:  May 18, 2018            REED SMITH LLP

By  */s/ Zachary C. Frampton*
Zachary C. Frampton
Attorneys for Defendant
TOYOTA MOTOR CREDIT CORPORATION